IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED IN OPEN COURT
5/21/2018
TIMOTHY M OBRIEN, CLERK
BY _____
DEPUTY CLERK

| UNITED STATES OF AMERICA | |
|---|---|
| Plaintiff, | |
| v. | Amended Case No. 17-20028-CM/JPO |
| ADAM W. PURINTON, | FILED IN OPEN COURT 8/7/2018 TIMOTHY M OBRIEN, CLERK BY _____ DEPUTY CLERK |
| Defendant. | |

**ORIGINAL**

PLEA AGREEMENT PURSUANT TO FEDERAL RULE
OF CRIMINAL PROCEDURE 11(c)(1)(C)
*as amended by interlineation in open court 8/7/2018*

The United States of America, by and through undersigned counsel, and Adam W. Purinton, the defendant, by and through undersigned counsel, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1.  **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Counts 1, 2, and 3 of the Indictment. Counts 1 and 2 charge violations of 18 U.S.C. § 249(a)(1), that is, Hate Crimes Involving an Attempt to Kill (Counts 1 and 2) and/or Resulting in Death (Count 1). Count 3 charges a violation of 18 U.S.C. §§ 924(c) and (j)(1), that is, Causing Death Through Use of Firearm in Such a Manner as to Constitute Murder. By entering into this plea agreement, the defendant admits to intentionally and willfully committing the offenses, and to being guilty of the offenses. The defendant understands that the maximum sentence which may be imposed for each of Counts 1, 2, and 3 of the Indictment, under the terms of this plea agreement, is life imprisonment, a $250,000 fine, ~~life~~ *five years* on supervised release, and a $100 special assessment on each count. The defendant further agrees to not contest the forfeiture allegation set forth in the Indictment.



SCANNED
42

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offenses to which the defendant is pleading guilty are as follows:

One day in early February 2017, Adam W. Purinton was sitting in the bar area at Austins Bar & Grill in Olathe, Kansas, when he noticed two men—Srinivas Kuchibhotla and Alok Madasani—having a drink on the patio. Purinton commented to another patron sitting at the bar, "Did you see the terrorists on the patio?" The patron responded, "They're not terrorists. They're Indians."

Several weeks later, on February 22, 2017, Purinton drove to Austins Bar & Grill and sat by himself at a table on the enclosed front patio. Sitting at the table to his left were Ian Grillot and several other patrons. Sitting at the table to his right were Srinivas Kuchibhotla and Alok Madasani.

At approximately 6:40 p.m., Purinton approached Kuchibhotla and Madasani, and demanded to know where they were from and how they entered the country. Purinton poked Kuchibhotla in the chest, called him a "terrorist" and a "sand nigger," and shouted, "Get out of my country!" Ian Grillot and another patron interceded, told Purinton that he needed to leave, and escorted him out of the bar.

Purinton drove home and retrieved one of his guns: a Taurus PT111 Millennium Pro nine-millimeter semi-automatic pistol with serial number TEW13121. Purinton changed into a different shirt and grabbed a blue-and-white scarf.

At approximately 7:12 p.m., Purinton returned to Austins Bar & Grill. He wrapped the scarf around his face to disguise his identity and walked toward the bar carrying his semi-automatic pistol. Purinton walked over to the enclosed front patio, opened the door, aimed his semi-automatic pistol at Kuchibhotla and Madasani, and fired eight rounds—at least four of which struck Kuchibhotla, who died from his injuries, and one of which struck Madasani, who was injured but survived. Purinton shot Kuchibhotla and Madasani, attempting to kill both men, because of their race, color, religion, and national origin.

After shooting Kuchibhotla and Madasani, Purinton ran out, and Ian Grillot chased after him. As Grillot caught up to him, Purinton turned around and shot Grillot, who was injured but survived.

Hours after the shooting, Purinton stated over the phone to a friend, and later in person to an Applebee's bartender, that he was on the run from police because he had just shot and killed two Iranians.

3.      **Proposed Rule 11(c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case:

    (a)    Life imprisonment on Counts 1, 2, and 3 of the Indictment, to be served consecutively to each other, and to be served consecutively to the sentence imposed in Johnson County District Court case number 17CR514;

    (b)    $300.00 special assessment ($100 for each count of conviction); and

    (c)    In the event the defendant is ever released from the custody of the Bureau of Prisons and the Kansas Department of Corrections, the defendant will be placed on supervised release for ~~life.~~ five years. [handwritten initials]

The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea agreement.

4.      **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5.      **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees to forgo seeking a sentence of death as to Count 3 of the Indictment.

6.      **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's entry of guilty pleas to Counts 1, 2, and 3 of the Indictment, and the defendant's complete acceptance of responsibility. If the

3

defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, the defendant understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any evidence obtained as a result of such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this plea agreement.

7. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is within the Court's sole discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea. If the Court announces that it will not be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then both parties will be restored to the positions they were in prior to the entry of the defendant's plea. If neither party elects to withdraw the proposed plea agreement between the time the Court announces that it will not be bound, and the time the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.

9. **Forfeiture of Assets.** The defendant knowingly and voluntarily agrees and consents to the forfeiture of the following property to the United States: a Taurus PT111 Millennium Pro nine-millimeter semi-automatic pistol with serial number TEW13121, and ammunition seized by officers and agents in Johnson County, Kansas, on February 23, 2017. The defendant agrees that this property was used in the commission of Counts 1, 2, and 3 of the Indictment. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses to the imposition of a forfeiture judgment. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents

necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

10. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

11. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the constitutionality of his statutes of conviction, the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess

of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

12. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

13. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the offense to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14. **Parties to the Agreement.** The defendant understands this plea agreement binds only him and the United States and that it does not bind any state or local prosecution authority.

15. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this plea agreement with his attorneys and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this plea agreement embodies each and every term of the agreement between the parties.

16. **Voluntariness of Plea Agreement.** The defendant acknowledges that he is entering into this plea agreement voluntarily and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.


Stephen R. McAllister
United States Attorney
District of Kansas

*David P. Zabel*                          Date: 5/21/18

By: David P. Zabel
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Tel. 913-551-6730
David.Zabel@usdoj.gov
Kansas S. Ct. No. 17887

*Dav P. Zabel, for*                   Date: 5/21/18

By: Tristram W. Hunt
Assistant United States Attorney
500 State Avenue, Suite 360

Kansas City, Kansas 66101
Tel. 913-551-6730
Tristram.Hunt@usdoj.gov
Kansas S. Ct. No. 18196

*[signature]*                                                      Date: 5-21-18

Scott C. Rask
Criminal Supervisor
Kansas S. Ct. No. 15643

for *[signature]*                                                  Date: 5-21-18

Duston Slinkard
Criminal Chief
Kansas S. Ct. No. 21294

John M. Gore
Acting Assistant Attorney General
Civil Rights Division

*[signature]*                                                      Date: 5/21/18

By: Christopher J. Perras
Trial Attorney
601 D Street, NW
Washington, D.C. 20004
Tel. 202-353-1130
Christopher.Perras@usdoj.gov
Mass. Bar No. 682002

*[signature]*                                                      Date: 5/21/18

Adam W. Purinton
Defendant

*[signature]*                                                      Date: 5/21/18

Tim Burdick
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas 66101
Tel. No. 913-551-6712
Tim_Burdick@fd.org
Dist. of Kansas No. 78152

9

_____  Date: 5-21-18
Kirk Redmond
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas 66101
Tel. No. 913-551-6712
Kirk_Redmond@fd.org
Kansas S. Ct. No. 18914